IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DERRICK WILLIS                                                                                PLAINTIFF

V.                                                                  CIVIL ACTION NO. 3:21-CV-00054-RP

JESSE WILLIAMS                                                                               DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Derrick Willis, an inmate currently housed at the Mississippi State Penitentiary in Parchman, Mississippi, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Jesse Williams. Doc. # 1. Having fully considered his allegations and the applicable authority, the Court finds that Willis' complaint must be dismissed.[1]

Screening Standards

Because Willis has been permitted to proceed *in forma pauperis* in this action,[2] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[3] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent

---

[1] As Willis consented to United States Magistrate Judge jurisdiction in this case in accordance with 28 U.S.C. § 636(c), *see* Doc. # 5, the undersigned has the authority to enter this memorandum opinion and order and the accompanying judgment.
[2] *See* Doc. #7.
[3] *See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

<u>Plaintiff's Allegations and Procedural Posture</u>

In the instant action, Willis complains about a Rule Violation Report ("RVR") written against him for an incident which occurred while he was housed at the Marshall County Correctional Facility ("MCCF") located in Holly Springs, Mississippi. The RVR at issue concerned an assault by Willis against another inmate. According to Willis, the fellow inmate was coughing and sneezing without covering his mouth while handling food in the kitchen. Willis alleges that he reported the inmate to the kitchen supervisor, but she took no action. Though not entirely clear, the allegations indicate that some sort of physical altercation then ensued between Willis and the other inmate.

Following the incident, Willis received an RVR. Willis asserts that the officer who wrote the RVR did not personally observe the incident, which is required under institutional policy, but rather wrote from second-hand knowledge. Willis additionally avers that the officer failed to include his correct Mississippi Department of Corrections ("MDOC") Identification number in the report. Willis appealed these issues, but MCCF Warden and Facility Administrator Jesse Williams denied relief.

Willis filed the instant action on March 8, 2021, asserting a claim under 42 U.S.C. §1983 against MCCF Warden and Facility Administrator Jesse Williams. Doc. # 1. According to Willis, MCCF staff failed to follow institutional policy when rendering the RVR at issue. *Id.* By way of relief, Willis requests that the RVR decision be reversed, that he be reimbursed for the

2

cost of the filing fee in this action, and that he be placed back in B-Custody. *Id.* On July 19, 2021, the Court entered an Order requiring Willis to submit additional information, particularly directing Willis to provide a detailed description of the only named Defendant's personal involvement in the actions or inactions alleged in his complaint. Doc. # 22. Willis submitted his response to the aforementioned order on August 25, 2021. Doc. # 30.

<u>Failure to Follow Institutional Policy Not a Claim under Section 1983</u>

Willis rests his claim entirely on his belief that MCCF staff failed to follow MDOC policy when issuing the relevant RVR. To state a claim under Section 1983, a plaintiff must allege that he was deprived a right under the Constitution or the laws of the United States by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Giving Willis' allegations liberal construction, it appears that he is asserting that he was denied due process by MCCF staff's failure to follow institutional policy and procedure. However, to invoke the protections of the Due Process Clause, a protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents in prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The failure by prison officials to follow institutional policy and procedure in drafting RVRs does *not* implicate constitutional due process concerns. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (holding that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met . . ."); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) ("A violation of prison regulations, without more, does not give rise to a federal constitutional violation."). Accordingly, Willis has failed to demonstrate that Defendant's actions violated his

3

constitutional rights, and his complaint fails. *See Hoye v. Nelson*, 4:07cv44-M-B, 2007 WL 1321964 at *1 (N.D. Miss. May 3, 2007) (citation omitted).

Supervisor Liability

Even assuming, *arguendo*, that Willis' allegations indicated a cognizable constitutional deprivation, his claim fails because he fails to state a claim against the named Defendant. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Instead, to state a viable claim under Section 1983, the plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozana v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, or (2) when he implements an unconstitutional policy that results in the constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Consequently, a supervisory official "can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

Willis names MCCF Warden and Facility Administrator Jesse Williams as the sole Defendant in this action. Willis' complaint, however, contains no allegations indicating any personal involvement by Williams in the alleged constitutional violation(s). Instead, Willis avers that another individual, an MCCF officer, authored the RVR at issue. In Willis' response to the Court's order directing him to submit additional information, he points to Williams' role in the grievance procedure, denying relief on Willis' appeal of the RVR. Willis further notes that Williams is the facility administrator and "head warden" of MCCF.

4

Although Willis' allegations regarding Williams' role at MCCF may be correct, his allegations fail to establish the requisite personal involvement in the alleged constitutional violations. *See Woods*, 51 F.3d at 583. Moreover, a Section 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 F. App'x 404, 406 (5th Cir. 2007). It is clear that Jesse Williams has been named a defendant in this action merely due to his position of authority at MCCF and his role in denying Willis' RVR appeal; thus, he must be dismissed from this action. *See Oliver v. Scott*, 276 F.3d 736, 742 n.6 (5th Cir. 202) (Section 1983 does not allow a supervisory official to be held liable for the actions of their subordinates); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

Conclusion

Based on the foregoing discussion, the Court finds that Willis has failed to state a cognizable constitutional claim. Accordingly, the Court finds that this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Willis is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED**, this the 28th day of September, 2021.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE